### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TONY TRAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-09-311-D |
| | ) | |
| PAUL A. KASTNER, | ) | |
| | ) | |
| Respondent. | ) | |

### REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Timothy D. DeGuisti, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has conducted an initial review of the petition,[1] and for the reasons set forth below, it is recommended that the petition be denied upon filing.

By this action, Petitioner alleges that the Federal Bureau of Prisons (BOP) has categorically denied his participation in the Residential Drug Abuse Program (RDAP) a program which he alleges allows the BOP to reduce by up to one year the sentence of one who successfully completes the program. Petition, p. 1, 2, 11. Petitioner states that he is currently housed at the Federal Transfer Center in Oklahoma City Id. at 1. Although he lists

---

[1]See Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (authorizing application of the rules to other habeas actions in the Court's discretion).

four federal statutes under which he was convicted, he provides no details as to either the court or date of conviction. <u>Id.</u>  However, he does list his federal inmate register number on his motion for leave to proceed in forma pauperis, and the Court's independent research shows that he was convicted in the United States District Court for the District of Kansas on January 16, 2009.  <u>United States v. Tran</u>, No. 6:08CR10002-018, Judgment, p. 1 (D. Kan. Jan. 21, 2009).  The judgment of conviction shows that he was convicted of possession of MDMA with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  <u>Id.</u>  He was sentenced to 18 months imprisonment and 60 months imprisonment, respectively; the firearm possession sentence was to be served consecutively, resulting in a total term of imprisonment of 78 months.  <u>Id.</u> at p. 2.  Petitioner also gives no detail as to his efforts to be admitted to the RDAP, stating simply that "he is being, or has been denied this program, that he qualifies for the program, and that he is under the policy guidelines for the program."  Petition, p. 11.  Petitioner also states that he should be granted leave to proceed without exhausting his administrative remedies on grounds of futility.

## I.  BACKGROUND

Petitioner sets forth a lengthy background of the regulation which forms the basis of his complaint.  Petitioner states that in 1990, Congress directed the BOP to provide a residential substance abuse treatment program to federal prisoners determined to have a treatable substance abuse condition.  Petition, p. 1 (citing 18 U.S.C. § 3621).  He further states that Congress amended the statute in 1994 to encourage federal inmates to participate

2

in drug abuse programs by providing an "early release incentive." Petition, p. 2 (citing

Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322 § 32001, 108

Stat. 1796, 1897).  18 U.S.C. § 3621(e)(2) provides in relevant part:

> (B) Period of custody.--The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

Petitioner alleges that in 1995, the BOP published its first rule and regulation

implementing the incentive-creating amendment.  Petition, p. 2. As relevant here, the rule

provided that an inmate who completes a drug abuse program "may be eligible for early

release ... unless the inmate's current offense is determined to be a crime of violence as

defined in 18 U.S.C. 924(c)(3)." 28 C.F.R. § 550.58 (1995)[2]; see 60 Fed.Reg. 27692 (May

25, 1995) ("a crime of violence means an offense that is a felony and has as an element the

use, attempted use, or threatened use of physical force against the person or property of

another, or that by its nature, involves a substantial risk that physical force against the person

or property of another may be used in the course of committing the offense."). Petitioner

alleges that a subsequent BOP regulation, Program Statement No. 5162.02 (July 24, 1995),

declared that felon-in-possession convictions under 18 U.S.C. § 922(g), and drug trafficking

convictions under 21 U.S.C. § 841, were crimes of violence that would render offenders

ineligible for the substance-abuse treatment early-release incentive. Petition, p. 2-3.

---

[2]The relevant portion of 28 C.F.R. § 550.58 is now found at 28 C.F.R. § 550.55.

Petitioner states that in response to litigation challenging this rule and regulation, several federal courts of appeal held that neither of these offenses categorically met the "crime of violence" definition contained in § 924(c)(3), and directed the BOP to consider whether offenders convicted of these crimes were nonetheless eligible for early release as non-violent offenders in light of the general statutory definition. Petition, p. 3.[3]

Petitioner alleges that the BOP responded by issuing an amended interim rule which relied upon the BOP Director's *discretion* to make decisions regarding sentence reduction; the rule reflected that the BOP had exercised its discretion and decided to deny early release under the RDAP to offenders who were convicted of offenses involving the carrying, possession, or use of firearms or explosives. Petition, p. 3-4 (citing 62 Fed.Reg. 53690 (Oct. 15, 1997) and 28 C.F.R. § 550.58(a)(1)).[4]  In later explaining the summary of changes in the 1997 interim rule, the BOP states: "even as the Bureau concedes that offenses related to this regulation are 'non-violent' offenses, the implementing statute does not mandate that all 'non-violent' offenders must receive an early release.  The statute merely indicates that the sentence may be reduced by the Bureau of Prisons."  65 Fed.Reg.80745-01, 2000 WL 1865544 at *7 (Dec. 22, 2000).

---

[3]One of the cases cited by Petitioner is from the Tenth Circuit: <u>Fristoe v. Thompson</u>, 144 F.3d 627, 631 (10th Cir. 1998) (joining "majority of circuits" in view that BOP's program statement definition of a "nonviolent offense" violates the plain language of the statute and cannot be upheld.).

[4]The BOP also published Program Statement 5162.04 (Oct. 9, 1997), which listed offenses that at the Director's discretion shall preclude an inmate from receiving certain bureau program benefits in § 7. Felon-in-possession offenses under 18 U.S.C. § 922(g) and drug trafficking offenses with a sentence enhancement for use of a firearm were included in different subparts of § 7.

This rule was challenged in a new round of litigation that questioned whether the categorical exclusion was a permissible exercise of the BOP's discretion. Petition, p. 4. The circuit courts of appeal to consider the question reached conflicting decisions,[5] and the United States Supreme Court granted certiorari to resolve the growing split of authority. Id. In Lopez v. Davis, 531 U.S. 230 (2001), the United States Supreme Court held that the BOP did have the discretion to add an additional category of offenders who are ineligible for the early release program:

> The statute provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons ...." 18 U.S.C. § 3621(e)(2)(B). The measure thus categorically denies early release eligibility to inmates convicted of violent offenses. The question we address is whether the Bureau has discretion to delineate, as an additional category of ineligible inmates, those whose current offense is a felony involving a firearm. 28 CFR § 550.58(a)(1)(vi)(B) (2000).
> ...
>
> Beyond instructing that the Bureau has discretion to reduce the period of imprisonment for a nonviolent offender who successfully completes drug treatment, Congress has not identified any further circumstance in which the Bureau either must grant the reduction, or is forbidden to do so. In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We

---

[5]The Tenth Circuit Court of Appeals was one of the circuits that held the categorical exclusion of felons-in-possession from the early release program to be beyond the BOP's discretion. Ward v. Booker  202 F.3d 1249, 1255 (10th Cir. 2000) (BOP's argument that new regulation and Program Statement do not attempt to "define any statutory term, but merely express eligibility criteria clearly entrusted to the BOP's discretion" is a "distinction without a difference."), abrogated by Lopez v. Davis, 531 U.S. 230, 238 (2001).

think the agency's interpretation is reasonable both in taking account of
preconviction conduct and in making categorical exclusions.

Id. at 238, 242.

In Lopez, the Court declined to consider whether the BOP complied with the notice

and comment requirements of the Administrative Procedure Act ("APA") in publishing the

1997 amended interim rule.  Id. at 244 n. 6.  The Ninth Circuit Court of Appeals later held

that the 1997 interim rule did indeed fail to comply with the notice and comment

requirements of 5 U.S.C. § 553(b) and (d), and was therefore invalid.  Paulsen v. Daniels,

413 F.3d 999, 1004 (9th Cir. 2005).  Although the BOP had by then promulgated the

amended interim rule as a final rule after notice and comment, which cured that procedural

defect, the Ninth Circuit declared the 1997 interim regulation "invalid as to those persons

disqualified by it prior to the issuance of the final rule."  Paulsen, 413 F.3d at 1008.

The next successful challenge to the categorical exclusion of felons-in-possession was

also in the Ninth Circuit, and that decision is the linchpin of the habeas petition now under

consideration.  See Petition, p. 5 (quoting from, but not citing Arrington v. Daniels, 516 F.3d

1106, 1116 (9th Cir. 2008) ("The Bureau has failed to set forth a valid rationale for its

categorical exclusion rule. Section 706 of the Administrative Procedure Act requires that it

do so.")).  In Arrington, the Court stated:

> Just as a rule can be invalidated for violating notice and comment requirements
> even if a court has determined that it represents an otherwise legitimate
> exercise of agency discretion, so too can a rule that survives a challenge to
> agency authority fail arbitrary and capricious review where the agency
> neglects to articulate a rational basis for the manner in which it exercises its
> discretion. Although the Bowen and Lopez decisions recognize that there are

rational explanations for the 1997 interim rule, which is identical to the Bureau's final rule in this case, they do not address whether the agency itself *articulated those rationales in promulgating the final rule as required by § 706.* We now consider that question and hold that the Bureau's promulgation of the final rule was arbitrary and capricious because it failed to articulate a rationale for its categorical exclusion of a class of nonviolent offenders from eligibility for early release.

Id. (emphasis added) (citing Bowen v. Hood, 202 F.3d 1211, 1220 (9th Cir.2000) and Lopez

v. Davis, 531 U.S. 230, 239-41 (2001)).

In an action based entirely on the Ninth Circuit's reasoning in Arrington, the

Petitioner in the case now before the Court argues that although the BOP has the authority

to implement a categorical exclusion for offenders convicted as felons-in-possession, it has

not a provided a legally adequate rationale for that decision.  Petition, p. 5.  In particular, he

claims that the rationale must be articulated by the BOP in the administrative record, and not

through post hoc explanations of its decision.  Id. at 6-7.   Petitioner contends that the two

rationales for the rule are that (1) offenders who have convictions involving firearms pose

an increased risk to the public; and (2) that the categorical exclusion of felons-in-possession

provides needed uniformity in the BOP's application of the RDAP early release regulation.

Petition, p. 7. He claims that the first of these rationales cannot be considered by the Court

because it does not appear in the administrative record. Id. at 7-8. He claims that the second

rationale, although articulated in the administrative record, is insufficient because "a general

desire for uniformity provides no explanation for why the [BOP] exercised its discretion to

achieve consistency through the promulgation of a categorical exclusion rule."  Petition, p.

8.  He suggests that the BOP could have just as easily achieved consistency by categorically

*including* prisoners with convictions involving firearms. Id.  The undersigned finds neither

argument persuasive.

## II. DISCUSSION

### A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Before addressing the merits of Petitioner's claims, the undersigned notes his

concession that he has not exhausted his administrative remedies. However, Petitioner argues

that exhaustion would be futile because "it would run the time limits beyond the ability to

complete the program and enjoy the ben[e]fits of the program, the early release clause."

Petition, p. 11.  In light of Petitioner's 78-month sentence, imposed only four months ago,

it appears unlikely that the time it takes to exhaust administrative remedies would as a

practical matter deprive him of early release for completion of the RDAP.

However, in this instance, the undersigned finds it appropriate to excuse exhaustion

for futility of a different nature. Because the BOP has predetermined the disputed issue

through a mandatory policy that it has consistently defended, Petitioner's conviction for

possession of a firearm in furtherance of a drug trafficking crime would no doubt preclude

his consideration for early release upon completion of the RDAP.   The exhaustion

requirement for a habeas claim brought pursuant to § 2241 has been waived where a

petitioner was denied administrative relief based on a published BOP policy at the first level

of administrative review. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir.

1993).  In Fraley, the petitioner did not appeal the decision before bringing her § 2241

petition, and the Court held that further exhaustion of the habeas claim would be futile

because at every level of review, BOP would rely on the same published policy in denying relief.  Id. at 925.  Although in this case Petitioner has apparently not even begun the exhaustion process, the issues presented for determination are legal and do not depend on the resolution of factual matters through the development of a more extensive administrative record.  Moreover, as in Fraley, attempts to exhaust this claim would be futile in view of the very BOP policy which is challenged herein.

In a similar context, § 2241 challenges to a BOP rule regarding the method of calculating earned credits, this Court has found that resort to BOP administrative remedies would be futile. Parker v. Peterson, No. CIV-04-882-C (W. D. Okla. Oct. 28, 2004)(Order adopting Magistrate Judge's Report and Recommendation which in part recommended that a § 2241 petition be addressed on the merits despite prisoner's failure to exhaust administrative remedies on ground of futility)(Cauthron, C. J.); Evans v. Peterson, No. CIV-04-1160-W (W.D. Okla. Jan. 3, 2005)(Order adopting Magistrate Judge's Report and Recommendation and denying motion to dismiss despite prisoner's failure to exhaust administrative remedies on ground of futility)(West, J.).  Accordingly, it is recommended that the Petition in this case be addressed on the merits notwithstanding Petitioner's apparent failure to exhaust his administrative remedies.

## B.  PLAINTIFF'S APA CHALLENGE TO THE BOP RULE

The Administrative Procedures Act (APA) provides that a reviewing court must set aside a final agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  The "orderly functioning of the process

of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained," SEC v. Chenery Corp., 318 U.S. 80, 94 (1943), and "courts may not accept appellate counsel's post hoc rationalizations for agency action." Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168 (1962). However, courts "will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." Bowman Transp., Inc., v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 286 (1974).

The Arrington decision upon which Petitioner relies is obviously without binding effect in this Circuit, but more importantly, its reasoning has been roundly criticized in subsequent decisions from courts around the country.  These decisions include a published decision from the Eighth Circuit Court of Appeals, Gatewood v. Outlaw, 560 F.3d 843 (8th Cir. 2009); published decisions from district courts in Maryland, Pennsylvania, and South Carolina; and unpublished district court decisions in California, Michigan, New Jersey, Texas, and West Virginia. Minotti v. Whitehead, 584 F.Supp.2d 750 (D. Md.  2008); Muolo v. Quintana, 593 F.Supp.2d 776 (W.D. Pa. 2009); Hicks v. Federal Bureau of Prisons, 603 F.Supp.2d 835 (D.S.C. 2009); Dudik v. Woodring, No. CV 08-2761-GW (SH), 2009 WL 1014555 (C.D. Cal. Apr. 14, 2009); Sinclair v. Eichenlaub, No. 2:07-CV-12967, 2008 WL 5235981 (E.D. Mich. Dec. 15, 2008); Holloway v. Eichenlaub, No. 08-11347, 2009 WL 416325 (E.D. Mich. Feb. 18, 2009); Neal v. Grondolsky, No. CIV. 08-2477(NLH), 2008 WL 4186901 (D.N.J. Sept. 9, 2008); Serrano v. Berkebile, No. 3-08-CV-1587-K, 2009 WL 81017 (N.D. Tex. Jan. 9, 2009); Johnson v. Phillips, No. CIV. 1:08CV179,  2009 WL

10

304744 (N.D.W. Va. Feb. 6, 2009).[6]

The undersigned finds Petitioner's claim lacks merit for three reasons. First, the claim that the rule violates the APA because the "public safety" rationale does not appear in the "administrative record" is without legal merit. As noted by the Eighth Circuit in Gatewood,

> These general principles [regarding judicial review], like 5 U.S.C. § 706(2)(A) itself, apply to both agency rulemaking and adjudication that is subject to the APA. But most Supreme Court cases applying these principles-such as Chenery, Burlington Truck Lines, and Bowman-involved agency adjudications conducted under 5 U.S.C. §§ 556-57 (or their APA predecessor), which require that agency decisions be based on the administrative record, and define what that record must include. This case involves agency rulemaking under 5 U.S.C. § 553, which provides only that the agency shall publish notice of the proposed rulemaking, afford interested persons an opportunity to participate, and "incorporate in the rules adopted a concise general statement of their basis and purpose," § 553(c). The Supreme Court has repeatedly emphasized "that generally speaking this section of the Act established the maximum procedural requirements which Congress was willing to have the courts impose upon agencies in conducting rulemaking procedures." Under § 553, an agency determination need not be made "on the record" unless the statute being applied so requires. Thus, the Ninth Circuit panel in Arrington erred when it disregarded the BOP's public safety rationale simply because the court could not find that rationale in an "administrative record" which the court never defined but seemed to limit to the BOP's Federal Register notice in 2000 finalizing the previously interim rule.

Gatewood v. Outlaw, 560 F.3d 843, 847 (8th Cir. 2009). The undersigned agrees that in this case, the notice and comment requirements are the maximum procedural requirements imposed in rulemaking procedures. Even the Ninth Circuit did not take issue with the BOP's argument that the rule now in effect did comply with these APA requirements. See Paulsen

---

[6]These and any other unpublished dispositions are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

11

v. Daniels, 413 F.3d 999, 1008 (9th Cir. 2005) ("The subsequent enactment of the final rule

can only have prospective effect.").   Thus, the maximum procedural requirements – notice

and comment – have been satisfied with regard to the final rule, which has been in effect

since December 22, 2000.  See 65 Fed. Reg. 80745-01, 2000 WL 1865544, p. 1.

Second, the undersigned finds that the substantive requirements that the rule not be

arbitrary, capricious, or an abuse of discretion, and that the grounds be clearly disclosed and

adequately sustained are met here.   Turning first to the prohibition against arbitrary

administrative rulemaking, the undersigned notes the statements of the Supreme Court in

Lopez:

> Having decided that the Bureau may categorically exclude prisoners based on
> their preconviction conduct, we further hold that the regulation excluding
> Lopez is permissible. The Bureau *reasonably concluded that an inmate's prior
> involvement with firearms, in connection with the commission of a felony,
> suggests his readiness to resort to life-endangering violence* and therefore
> appropriately determines the early release decision.

Lopez, 531 U.S. at 244 (emphasis added).  The holding that the interim rule – identical to the

final rule – is permissible and reasonable is inconsistent with a finding that the BOP's rule

is arbitrary, capricious, or an abuse of discretion.  The Court of Appeals for the Tenth Circuit

has also recognized that in "affirming the BOP's denial of a sentence reduction" the Lopez

"Court reasoned that the BOP's 'denial of early release to all inmates who possessed a

firearm in connection with their current offense rationally reflects the view that such inmates

displayed a readiness to endanger another's life.'" Martin v. Rios, 472 F.3d 1206, 1207 (10th

Cir. 2007); accord Harrison v. Lamanna, 19 Fed.Appx. 342 (6th Cir. Sept. 18, 2001) ("In

<u>Lopez</u>, the Supreme Court expressly held that the Bureau's decision to exclude the category of inmates into which Harrison falls was a reasonable decision."); <u>Robinson v. Gonzales</u>, 493 F.Supp.2d 758, 763-64 (D. Md.2007) ("Excluding inmates with a two-level sentence enhancement for possession of a firearm is a permissible interpretation with the power to persuade...The Supreme Court's acceptance in <u>Lopez</u> of the BOP regulation categorically excluding inmates from early release under § 3621 if their felony offense involved carrying, possession or use of a firearm clearly supports this interpretation"); <u>Chevrier v. Marberry</u>, No. 04-10239, 2006 WL 3759909 at *5 (E.D. Mich. Dec. 20, 2006) ("The Supreme Court concluded in <u>Lopez v. Davis</u> that the BOP's decision to exclude from eligibility inmates whose offenses involved firearms was reasonable and appropriate.").

Neither common sense nor Supreme Court precedent support a conclusion that the rule is arbitrary, capricious or an abuse of discretion.  <u>See</u> <u>Cushenberry v. Federal Medical Center</u>, 530 F.Supp.2d 908, 913 (E.D. Ky. 2008) ("this Court finds that there is nothing unreasonable in the BOP's common-sense decision that there is a significant potential for violence from criminals who possess firearms.").

Additionally, "the agency's path" makes the grounds for its rule excluding persons in possession of firearms from early release despite completion of the RDAP easily discernable.  <u>See</u> <u>Bowman Transp., Inc</u>, 419 U.S. at 286.  As the Eighth Circuit stated in <u>Gatewood</u>:

> In these circumstances, it is appropriate to discern the reasons for the agency's final rule from the various prior interim rules, Program Statements, and litigation positions reflecting that consistent policy. The Supreme Court

discerned that public safety was the basis for the BOP's exclusion of firearm offenders and concluded that the agency's rule was substantively reasonable in Lopez, 531 U.S. at 244, 121 S.Ct. 714. That, we conclude, is all 5 U.S.C. §§ 553(c) and 706(2)(A) require.

...

Moreover, we have no difficulty concluding, as the Court obviously did in Lopez, that public safety was the contemporaneous rationale for the interim and final rules, and not merely a post hoc rationalization by appellate counsel. The categories of offenses in the April 1996 amended Program Statement made it clear that BOP decided to exclude, not only those convicted of violent offenses, but also those whose offenses, either by inherent nature or by the *manner in which they were committed*, demonstrated a potential for violent behavior that made the inmate unsuitable for early release on public safety grounds.

Gatewood, 560 F.3d at 847-48. The undersigned agrees that the BOP has consistently sought to implement the same substantive policy in the face of continued judicial resistance, and that policy was to exclude inmates whose offenses demonstrated a potential for violent behavior that made the inmate unsuitable for early release on public safety grounds.

Third, even if the BOP's rule could not be upheld unless the grounds for it appeared in the Federal Register notices, the undersigned finds the BOP's expressed desire for uniformity and consistency is reasonable under the circumstances with which it was presented, and thus was neither arbitrary or capricious, nor an abuse of discretion. Once again, the undersigned notes the Eighth Circuit's reasoning on this point:

Though it may be of only derivative importance, we also conclude that the BOP's uniformity rationale justified the amended interim and final rules, just as uniformity was a legitimate rationale .... By 1997, some courts had rejected the BOP's public-safety-driven categories of offenders to be excluded if the offenses they committed were not "crimes of violence." When the agency concluded that public safety nonetheless justified exercising its substantial

statutory discretion to exclude these offenders, it could only continue to uniformly apply its substantive policy if it published an amended rule adopting a broader discretionary basis for its categorical exclusions. Uniformity in this context was not a neutral either/or proposition. The agency had strong interests-both substantive and administrative-in applying its substantive policy decisions uniformly to its nationwide inmate population.

Gatewood, 560 F.3d at 848-849 (citations omitted).

In summary, the BOP's rule categorically excluding offenders convicted of crimes involving the carrying, possession, or use of firearms (1) meets the applicable APA procedural requirements; (2) is reasonable and the grounds underlying the rule are easily discernable from the path taken by the BOP in its efforts to implement its policy; and (3) the BOP's stated purpose of achieving uniformity in the application of its policy is neither arbitrary nor capricious. Accordingly, the undesigned recommends that the petition be denied upon filing.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus under § 2241 be denied upon filing. Petitioner is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court on or before July 1, 2009, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). The Clerk is directed to mail a copy of the Petition and this Report and Recommendation to the U.S. Attorney for the Western District of

Oklahoma on behalf of the Respondent.

**ENTERED this 11th day of June, 2009.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE